UNITED STATES DISTRICT COURT        <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HENRY C. LATHAM,

                   Plaintiff,             <u>MEMORANDUM AND ORDER</u>

         -against-                    10-CV-2047 (JG)

TRANSIT AUTHORITY CIVIL
GOVERNMENT,

                 Defendant.
-----------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

       *Pro se* plaintiff Henry C. Latham filed this action on May 3, 2010.  I grant his

request to proceed *in forma pauperis* solely for the purpose of this order.  Because I am unable to

determine what claim he is advancing, I dismiss the complaint without prejudice.

DISCUSSION

       A court must liberally construe a *pro se* plaintiff's pleadings and interpret his

complaint to raise the strongest argument it suggests.  *See McPherson v. Coombe*, 174 F.3d 276,

280 (2d Cir. 1999); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.").  Nevertheless, under 28 U.S.C. § 1915(e)(2)(B)(ii), a court must dismiss an *in*

*forma pauperis* action – even one brought *pro se* – if it determines that the action fails to state a

claim on which relief may be granted.

       Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain

"a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8

does not require much, but it "demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Latham's complaint

fails even this test.  His filed a sample complaint form and left the area under the heading

"Statement of Claim" blank.  He did append two pages to his complaint and submit a three-page

letter to the court, but those documents are unintelligible.[1]

CONCLUSION

The complaint is dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  *In forma pauperis*

status is denied for purpose of an appeal because any appeal from this order would not be taken

in good faith.  *See* 28 U.S.C. § 1915(a)(3).

So ordered.

John Gleeson, U.S.D.J.

Dated: July 26, 2010
      Brooklyn, New York

---

[1]    Latham has filed at least six other incomprehensible complaints in this court.  *See Latham v. John*, No. 09-CV-3398 (dismissed without prejudice on August 20, 2009); *Latham v. Transit Auth. Civil Gov't*, No. 09-CV-1009 (dismissed without prejudice on July 16, 2009); *Latham v. Civil Gov't Transit Bldg.*, 08-CV-2522 (dismissed without prejudice on July 17, 2008); *Latham v. VA Outpatient Hospital*, No. 06-CV-6758 (dismissed on January 11, 2007); *Latham v. New York Psychotherapy*, No. 04-CV-2945 (dismissed without prejudice on Sept. 3, 2004); *Latham v. Iappil et al.*, No. 02-CV-2523 (dismissed on June 27, 2002).